NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In Re LAWRENCE BRENNER,
*Petitioner*

2024-134

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. NY-0714-19-0007-M-1.

**ON PETITION**

Before TARANTO, WALLACH, and CHEN, *Circuit Judges*.

WALLACH, *Circuit Judge*.

**O R D E R**

Lawrence Brenner petitions for a writ of mandamus asking this court to vacate the Merit Systems Protection Board's April 2, 2024 remand order and to direct the Board to issue a new remand decision.

This is the second time this matter has come before the court. *See Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313 (Fed. Cir. 2021). At the conclusion of that appeal, the court "vacate[d] Mr. Brenner's removal and remand[ed] to the [Board] for further proceedings to consider whether the [agency's] removal decision under 38 U.S.C. § 714—including the penalty—is supported by substantial evidence on

the evidence of record that postdates the [Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017]." *Id.* at 1330 (cleaned up).

On remand, the administrative judge (AJ) issued an initial decision reversing the agency's removal action. Of particular relevance here, the AJ found that the agency had applied an incorrect standard of proof in assessing whether Mr. Brenner had engaged in misconduct. On a petition for review by the agency, the full Board vacated and remanded for the AJ to, among other things, consider whether the agency's error in applying the incorrect standard of proof was harmful. This petition followed.

Mandamus is "reserved for extraordinary situations," *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). To obtain mandamus, the petitioner must show: (1) there are no adequate alternative avenues for relief, (2) the right to issuance of the writ is clear and indisputable, and (3) issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). Mr. Brenner has not met that demanding standard.

First, Mr. Brenner has not shown that a post-final decision appeal is an inadequate remedy. He argues that the court "must intervene . . . so that [he] is not compelled to participate in a totally flawed Board proceeding." Pet. at 31–32. However, "the burden of participating in the proceedings at issue" is generally insufficient to justify mandamus review. *Automated Merch. Sys., Inc. v. Lee*, 782 F.3d 1376, 1382 (Fed. Cir. 2015); *see Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383–84 (1953) (noting that the possibility of a "myriad of legal and practical problems as well as inconvenience" does not ordinarily warrant mandamus).

Second, Mr. Brenner has not shown a clear and indisputable right to relief. Mr. Brenner's challenges to the remand order focus primarily on 5 U.S.C. § 7701(c)(2), which,

states in relevant part, that the agency's decision may not be sustained if the employee "(A) shows harmful error in the application of the agency's procedures in arriving at such decision . . . *or* (C) shows that the decision was not in accordance with law" (emphasis added).

Mr. Brenner contends the agency's decision was "not in accordance with law" because the agency failed to apply the correct standard of proof. But this court has held that "[t]he harmful error provision is part of the law and, thus, negates a *per se* rule with respect to any procedural error." *Handy v. USPS*, 754 F.2d 335, 338 (Fed. Cir. 1985). Here, the Board determined that Mr. Brenner is challenging "the application of the agency's procedures in arriving at [its] decision," § 7701(c)(2)(A), thus requiring harmful error analysis. And we are not prepared on limited mandamus review to disturb the Board's determination.

Mr. Brenner also contends that the Board "arbitrarily shifted the burden of proof to petitioner to initially establish harmful error." Pet. at 18. But to the extent that the Board here placed the burden on Mr. Brenner to establish harmful error, we note that conclusion would find support in our cases. *See Ward v. USPS*, 634 F.3d 1274, 1281 (Fed. Cir. 2011) ("We have repeatedly held employees to this burden to show harmful error in an agency's procedure[.]"); *Diaz v. Dep't of Air Force*, 63 F.3d 1107, 1109 (Fed. Cir. 1995) ("In analyzing this statutory language, we have previously held that an employee challenging an agency action has the burden to prove that a violation of a statutory procedure was harmful."); *Adams v. Dep't of Transp., FAA*, 735 F.2d 488, 490 n.3 (Fed. Cir. 1984) ("The burden to show harm is petitioners'[.]").

We have considered Mr. Brenner's remaining arguments but find them similarly unpersuasive in demonstrating a right to the extraordinary remedy of mandamus. Mr. Brenner may raise any of his arguments on review from a final Board decision.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

July 16, 2024
Date